**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Ave., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
JOHN KRISTENSEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOHN KRISTENSEN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

EXPANSION CAPITAL GROUP, LLC,

Defendant.

Case No.

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## NATURE OF THE CASE

1.   Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of EXPANSION CAPITAL GROUP,

1  LLC ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

2.  Plaintiff further brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of DEFENDANT in knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone and recording Plaintiff's conversation with Defendant without notifying Plaintiff that the telephone conversation is being recorded and thus being recorded without Plaintiff's knowledge and consent in violation of *California Penal Code § 632.7*.

3.  *California Penal Code § 632.7* prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by *Penal Code § 632* is that the act of recording itself be done intentionally. There is no requirement under *California Penal Code § 632.7* that the communication be confidential.

## JURISDICTION & VENUE

4.  As to Plaintiff's and the TCPA Class' claims under the TCPA, jurisdiction is proper as Plaintiff and the TCPA Class seek redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law. This Court has supplemental jurisdiction over Plaintiff's and the 632 Class' claims under *California Penal Code § 632.7* pursuant to *Fed. R. Civ. P. §1367(a)*.

5.  Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant do business within the state of California and the Central District of California and Plaintiff resides within this district.

## PARTIES

6. Plaintiff, JOHN KRISTENSEN ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (10)* and is a "person" as defined by *California Penal Code § 632(b)*.

7. Defendant, CAPITAL EXPANSION GROUP, LLC ("Defendant"), is a limited liability company with its corporate headquarters in the State of South Dakota and is a "person" as defined by *47 U.S.C. § 153 (10)*. Defendant is a "person" as defined by *California Penal Code § 632(b)* and has a policy and practice of recording telephone conversations with the public, including California residents. Defendant's agents and employees are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

8. On or about December 16, 2015 at approximately 11:50 a.m. Defendant and/or one of its agents placed a telephone call to Plaintiff's cellular telephone number ending in 9711, which Plaintiff has possessed exclusively for nearly four (4) years.

9. Defendant placed the call from telephone number (786) 347-3688.

10. The purpose of Defendant's call was to attempt to solicit Plaintiff into taking out a commercial loan or line of credit from Defendant.

11. Plaintiff answered Defendant's call. However, when Plaintiff answered the call, he was greeted with "dead air" whereby no person was on the other line. After several seconds, an agent was connected to the automated call, greeted Plaintiff and sought to speak with Plaintiff in an attempt to solicit a potential commercial loan or line of credit Defendant was offering.

12. Plaintiff decline Defendant's offer and terminated the phone call.

13. On January 22, 2016, Defendant placed yet another call to Plaintiff's cellular telephone ending in 9711 seeking to solicit Plaintiff into taking out a

commercial loan or line of credit from Defendant.

14. During this January 22, 2016 call, Plaintiff spoke with a female employee of Defendant. After some time of speaking with one another, Plaintiff declined Defendant's offer.

15. However, prior to terminating the call, Plaintiff asked Defendant's employee if the current telephone conversation was being recorded. Defendant's employee confirmed that indeed the call and entire conversation had been and was still being recorded. At no time during the call and conversation did Defendant's employee ever advise Plaintiff that the call was being recorded nor did Defendant's employee secure Plaintiff's consent to recording the call and conversation.

16. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff soliciting his business. The dead air that the Plaintiff experienced on the call that he received is indicative of the use of an automatic telephone dialing system.

17. Defendant's call constituted a call that was not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

18. Defendant's call was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

19. Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with his cellular telephone number for any purpose. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

20. Further, Defendant never advised Plaintiff that the January 22, 2016 call was being recorded and Plaintiff only discovered that the call was being recorded due to Plaintiff's inquiry at the end of the call.

21. Plaintiff had no reasonable expectation that Plaintiff's telephone

conversation with Defendant would be recorded as no such disclosure was given to Plaintiff either at the onset of the call or at any other time during the conversation with Defendant.

22. The conversation with Plaintiff on Plaintiff's cellular telephone, was without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff. At no time during the call did Plaintiff give consent for the telephone call to be recorded.

23. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with individuals. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

24. Plaintiff believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

25. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and *California Penal Code § 630 et seq.*

## CLASS ALLEGATIONS
## (THE TCPA CLASS)

26. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The TCPA Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant or Defendant' agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint

27. Plaintiff represents, and is a member of, The TCPA Class, consisting of All persons within the United States who received any telephone calls from Defendant or Defendant' agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

28. Defendant, its employees and agents are excluded from The TCPA Class. Plaintiff does not know the number of members in The TCPA Class, but believes the TCPA Class members number in the hundreds to thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

29. The TCPA Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The TCPA Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The TCPA Class includes thousands of members. Plaintiff alleges that The TCPA Class members may be ascertained by the records maintained by Defendant.

30. Plaintiff and members of The TCPA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and TCPA Class members via their cellular telephones thereby causing Plaintiff and TCPA Class members to incur certain charges or reduced telephone time for which Plaintiff and TCPA Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and TCPA Class members.

31. Common questions of fact and law exist as to all members of The TCPA Class which predominate over any questions affecting only individual members of The TCPA Class. These common legal and factual questions, which

do not vary between TCPA Class members, and which may be determined without reference to the individual circumstances of any TCPA Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a TCPA Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiff and the TCPA Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

32.    As a person that received a call from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The TCPA Class.

33.    Plaintiff will fairly and adequately protect the interests of the members of The TCPA Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

34.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all TCPA Class members is impracticable. Even if every TCPA Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action

presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

35.  The prosecution of separate actions by individual TCPA Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other TCPA Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party TCPA Class members to protect their interests.

36.  Defendant have acted or refused to act in respects generally applicable to The TCPA Class, thereby making appropriate final and injunctive relief with regard to the members of the TCPA Class as a whole.

## CLASS ALLEGATIONS
## (THE 632 CLASS)

37.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the 632 Class").

38.  Plaintiff represents, and is a member of, the 632 Class, consisting of:

> All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendant or Defendant' agent/s within the one year prior to the filing of the original Complaint in this action.

39.  Defendant and their employees or agents are excluded from the 632 Class. Plaintiff does not know the number of members in the 632 Class, but believes the 632 Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

40.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the 632 Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff

reserves the right to expand the 632 Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the 632 Class members is impractical and the disposition of their claims in the 632 Class action will provide substantial benefits both to the parties and to the court. The 632 Class can be identified through Defendant' records or Defendant' agent's records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the 632 Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendant have a policy of recording incoming and/or outgoing calls;

    b. Whether Defendant have a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

    c. Whether Defendant disclose to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

    d. Whether Defendant' policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§ 632.7;

    e. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

43. Plaintiff is asserting claims that are typical of the 632 Class because every other member of the 632 Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per

violation pursuant to California Penal Code § 632.7.

44. Plaintiff is asserting claims that are typical of the 632 Class because every other member of the 632 Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

45. Plaintiff will fairly and adequately represent and protect the interests of the 632 Class in that Plaintiff has no interest antagonistic to any member of the California Class.

46. Plaintiff and the members of the 632 Class have all suffered irreparable harm as a result of the Defendant' unlawful and wrongful conduct. Absent a class action, the 632 Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual 632 Class member's claims, few, if any, 632 Class members could afford to seek legal redress for the wrongs complained of herein.

47. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

48. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

49. Defendant have acted on grounds generally applicable to the 632 Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the 632 Class as a whole.

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

52. As a result of Defendant' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the TCPA Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

53. Plaintiff and the TCPA Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

54. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-54.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

56. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the TCPA Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

57. Plaintiff and the TCPA Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

### Invasion of Privacy: Violation of Penal Code § 632

58. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-58.

59. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, *Penal Code § 632*. "In addition, California's explicit constitutional privacy provision (*Cal. Const., 1 § 1*) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

60. *California Penal Code § 632.7* prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, *California Penal Code § 632.7* precludes the recording of all communications involving a cellular telephone.

61. Though similar, *California Penal Code § 632 and 632.7* are not duplicative and protect separate rights. *California Penal Code § 632.7* grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of *California Penal Code § 632* is absent from *California Penal Code*

*§ 632.7.*

62. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

63. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

64. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the 632 Class utilizing cellular telephones, all in violation of *California Penal Code § 632.7*.

65. Based on the foregoing, Plaintiff and the members of the 632 Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in *California Penal Code § 632.7*; and *California Penal Code § 637.2*.

66. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the 632 Class seek recovery of attorney's fees pursuant to the private attorney general doctrine codified in *California Code of Civil Procedure § 1021.5*, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the TCPA Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the TCPA Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Invasion of Privacy: Violation of Penal Code § 632**

- That this action be certified as a class action on behalf of the 632 Class and Plaintiff be appointed as the representative of the 632 Class;
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to *Penal Code § 637.2(a)* for Plaintiff and each member of the 632 Class;
- For $2,500 per violation of *California Penal Code § 632.7* for Plaintiff and each member of the 632 Class;
- Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.
- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California residents, including Plaintiff and the 632 Class, without their prior consent, as required by

*California Penal Code § 630, et seq.*, and to maintain the confidentiality of the information of Plaintiff and the 632 Class.

- For general damages according to proof;
- For special damages according to proof;
- For costs of suit;
- For prejudgment interest at the legal rate;
- For attorney's fees and costs, pursuant to *Cal. Code of Civ. Proc. § 1021.5*; and,
- For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: February 11, 2016                              **MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff