UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 16-982-JFW (JEMx)** | Date: April 21, 2016 |
| Title: | John Kristensen -v- Expansion Capital Group, LLC | |

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER DECLINING TO APPROVE STIPULATION FOR ORDER EXTENDING DATE BY WHICH DEFENDANT MUST RESPOND TO COMPLAINT AND BY WHICH PLAINTIFF MUST FILE MOTION FOR CLASS CERTIFICATION [filed 4/20/2016; Docket No. 11]

On April 20, 2016, Plaintiff John Kristensen ("Plaintiff") and Defendant Expansion Capital Group, LLC ("Defendant") filed a Stipulation for Order Extending Date By Which Defendant Must Respond to Complaint and By Which Plaintiff Must File Motion for Class Certification ("Stipulation"). *See* Docket No. 11.

After considering the Stipulation, the Court declines to approve the Stipulation seeking to extend Plaintiff's deadline to file his motion for class certification for the following reasons:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 11, 2016, Plaintiff filed a Class Action Complaint for Damages in this Court, alleging the following claims for relief: (1) negligent violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*; (2) knowing and/or willful violations of the TCPA; and (3) invasion of privacy (violation of California Penal Code § 632).  Plaintiff brings this action on behalf of himself and all others similarly situated.

On February 16, 2016, the Court issued its Standing Order.  In its Standing Order, the parties were advised that "[c]ounsel shall begin to actively conduct discovery before the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery."  Standing Order, ¶ 4(b).

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure provides that this Court must determine whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative." Fed.R.Civ.P. 23(c)(1)(A).

The Central District of California has, in an attempt to comply with requirements of Fed. R. Civ. P. 23, adopted Local Rule 23-3 which provides, in pertinent part:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 772-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

Local Rule 23-3 and Fed. R. Civ. P. 23(c)(1) share an important purpose. That purpose is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action, and to apprise the defendants of their potential liability as soon as practicable.

As other courts have noted, "[a] timely motion for class certification is premised on sound practical considerations," including preservation and protection of the putative class members' claims. *See Jones v. Hartford Ins. Co. of the Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006). A plaintiff's failure to timely pursue discovery and timely file the motion for class certification calls into question Plaintiff's ability to "adequately protect the interests of the class." *See id*. at 696.

## III. DISCUSSION

Although the parties have apparently agreed to waive or extend the 90 day requirement for filing a motion for class certification under Local Rule 23-3, they have failed to provide the Court with any facts that would justify such a waiver or extension. Indeed, notwithstanding the clear warning in the Court's Standing Order, it appears that Plaintiff has yet to conduct any discovery.

## IV. CONCLUSION

Accordingly, the parties have failed to demonstrate good cause with respect to extending the deadline for filing a motion for class certification and the Court **DECLINES** to approve the Stipulation to extend the deadline to file the motion for class certification. The Court **GRANTS** the Stipulation to extend by 30 days Defendant's time to respond to Plaintiff's Complaint. Defendant shall respond to the Complaint by May 23, 2016.

IT IS SO ORDERED.